IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KARIAH BUCKMIRE,<br><br>    Plaintiff,<br><br>v.<br><br>ENERGY TRANSPORT SOLUTIONS, INC. and BILLY JOE DOLLISON,<br><br>    Defendants. | Case No. 24-CV-02215-SPM |
| ZACHARY LANGLEY,<br><br>    Plaintiff,<br><br>v.<br><br>BILLY JOE DOLLISON and ENERGY TRANSPORT SOLUTIONS, INC,<br><br>    Defendants. | Case No. 25-CV-00700-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter is before the Court on Joint Motions to Consolidate by Consent, with Memoranda in Support, two matters presently pending before this Court: *Langley v. Dollison et al.*, Case No. 3:25-CV-00700-SPM and *Buckmire v. Energy Transport Solutions, Inc.*, Case No. 3:24-CV-02215-SPM. *Langley*, (Doc. 23, 24), *Buckmire*, (Doc. 52, 53). The Motions and Supporting Memoranda both indicate that Plaintiffs Buckmire and Langley, along with Defendants Billy Joe Dollison and

Energy Transport, Inc., agree as to the consolidation of these matters. For the reasons stated below, the Court **GRANTS** the Motions.

Federal Rule of Civil Procedure 20 permits plaintiffs to join together in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action." If the requirements for permissive joinder are satisfied, complaints filed by multiple plaintiffs can proceed together in the same action. *See Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004); FED. R. CIV. P. 20.

Even where the requirements for permissive joinder are satisfied, a district court may turn to other Rules to manage a multi-plaintiff case. At any time, a district court may sever claims, add or drop parties, order separate trials, or issue pretrial orders. *See Boriboune*, 391 F.3d at 854 (citing FED. R. CIV. P. 16, 20(b), 21, 42(b)). When making such decisions, district courts are accorded broad discretion. *See Chavez v. Ill. State Police*, 251 F. 3d 612, 632 (7th Cir. 2001). The Seventh Circuit has stated, "this discretion allows a trial court to consider, in addition to the requirements of Rule 20, other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness" or create "prejudice, expense or delay." *Id.* (quotations and citations omitted).

Federal Rule of Civil Procedure 42(a) permits the court to "join for hearing or trial any or all matters at issue in the actions" as well as "consolidate the actions." *See also Connecticut Gen. Life Ins. Co. v. Sun Life Assur. Co. of Can.*, 210 F.3d 771,

774 (7th Cir. 2000). A district court "enjoy[s] substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77 (2018). A court may consider such factors as whether consolidation may deprive a party of any substantial rights which it might have possessed had the actions proceeded separately, and the prejudice that may be present to one or more parties. *Reedus v. McDonough*, No. 1:21-CV-00357-HAB-SLC, 2022 WL 621036, at *3 (N.D. Ind. Mar. 3, 2022) (citing *Hall*, 584 U.S. at 76).

Both Plaintiffs, Kariah Buckmire and Zachary Langley, are proceeding against the same Defendants, Billy Joe Dollison and Energy Transport Solutions, Inc., for personal injuries and damages related to an automobile collision that occurred on July 11, 2024, on Interstate 55 in St. Clair County, Illinois. *Langley* (Doc. 1), *Buckmire* (Doc. 32). Based on the facts alleged in the Complaints filed by Buckmire and Langley, Defendant Dollison was operating a motor vehicle in the scope of his employment with Energy Transport Solutions, Inc. *Langley* (Doc. 1), *Buckmire* (Doc. 32, p. 4). Defendant Dollison was allegedly traveling northbound on Interstate 55 when his vehicle struck the rear of Plaintiff Langley's vehicle, which, in turn, was thrust forward and struck the rear of Plaintiff Buckmire's vehicle, causing damages. *Langley* (Doc. 1, p. 2), *Buckmire* (Doc. 32, p. 4).

Here, the Court finds that it is plainly appropriate for these matters to be consolidated as the litigation arises from the same underlying transaction or occurrence of events and will involve common questions of law and fact. Further, the Court does not find, nor do Defendants argue, that Defendants will suffer any

prejudice by consolidation of these cases. Accordingly, Plaintiffs Buckmire and Langley may proceed together in this action against Defendants Energy Transport Solutions, Inc. and Billy Joe Dollison.

### DISPOSITION

For the reasons stated above, the Court hereby **GRANTS** the Motions to Consolidate Cases by Consent filed Defendants Energy Transport Solutions, Inc. and Billy Joe Dollison. *Langley* (Doc. 23), *Buckmire* (Doc. 52).

**IT IS SO ORDERED.**

**DATED:  June 17, 2025**

                                              *s/ Stephen P. McGlynn*

                                              **STEPHEN P. McGLYNN**

                                              **U.S. District Judge**